UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ZEE CHING | § | C.A. No. |
| | § | |
| VS. | § | |
| | § | |
| MARQUETTE TRANSPORTATION | § | |
| COMPANY GULF-INLAND LLC | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Zee Ching ("Plaintiff"), complaining of Defendant Marquette Transportation Company Gulf-Inland LLC, and, for cause of action, would respectfully show as follows:

### I. PARTIES

1.1   Plaintiff Zee Ching, is a U.S. citizen and resident of the state of Louisiana.

1.2   Defendant Marquette Transportation Company Gulf-Inland LLC, is Delaware limited liability company, doing business in this Division, District, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### II. JURISDICTION

2.1   The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction. This case is brought pursuant 28 U.S.C. § 1333, the general maritime law, and the Jones Act 46 U.S.C. § 30104.

### III.  VENUE

3.1   Venue is proper in this admiralty and maritime matter.

### IV.  FACTS

4.1   At all material times hereto, Defendant owned, operated and/or crewed the M/V *St. Peter*, the vessel to which Plaintiff was assigned and on which he was injured.

4.2   At all material times hereto, Plaintiff was employed by Defendant as a deckhand and member of the crew of said vessel.

4.3   On or about August 20, 2016, while Plaintiff was performing duties in the service of the vessel, he was injured when while attempting to tie barges without proper assistance.

4.4   Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries.  To the contrary, the serious and debilitating injuries suffered by Plaintiff were caused by the negligence and/or gross negligence of Defendant, and unseaworthiness of the vessel, in the following particulars, among others:

> (a)   failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;
>
> (b)   failing to take reasonable precautions for Plaintiff's safety;
>
> (c)   failing to provide Plaintiff with a reasonably safe place to work, including failing to provide proper assistance to do the job;

  (d) failing to warn Plaintiff of known and/or existing hazards; and

  (e) other acts of negligence and/or omissions to be shown at trial herein.

## V. COUNT 1 - JONES ACT

5.1 Plaintiff's injuries were suffered in the course of his employment in service of the vessel, and were caused by the negligence and/or gross negligence of Defendant, its officers, agents, and/or employees, as described above.

## VI. COUNT 2 - UNSEAWORTHINESS

6.1 Plaintiff's injuries were caused by Defendant's breach of its absolute duty to furnish a seaworthy vessel.

## VII. COUNT 3 - MAINTENANCE AND CURE

7.1 Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel. As a result, Defendant had, and continues to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure. Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duties therefore continue. Defendant breached its absolute duty by denying payment of maintenance and cure. As a result of Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues. Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of

damages for aggravation of his condition caused by Defendant's failure, as well as attorneys' fees, and punitive damages, for which he now sues, in addition to all other relief sought.

## VIII. DAMAGES

8.1     As a direct and proximate result of Defendant's negligence and/or gross negligence, Plaintiff suffered the following injuries and damages, including, but not limited to: (a) mental anguish in the past; (b) mental anguish that he is likely to sustain in the future; (c) lost earnings; (d) loss of earning capacity; (e) disfigurement; (f) physical impairment in the past; (g) physical impairment that he is likely to sustain in the future; (h) medical expenses in the past; (i) medical expenses that he is likely to incur in the future; (j) physical pain and suffering in the past; (k) physical pain and suffering that he is likely to sustain in the future; (l) pecuniary and non-pecuniary damages to which he is entitled, including punitive damages.

## IX. JURY DEMAND

9.1     Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays for judgment against Defendant for: actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages and attorney's fees; costs of suit; and all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
Texas Bar No. 24076708 / SDTX 1139660
Email: marcus@spaglaw.com
SPAGNOLETTI & CO.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:    713-653-5656

***Attorneys for Plaintiff***